**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER SINGH, | No. 15-73696 |
| Petitioner, | Agency No. A089-716-977 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2018
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[**] Chief District Judge.

Jaswinder Singh petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying him asylum, humanitarian asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we GRANT in part and DENY in part Singh's petition for review.

1. Singh contends that (A) the BIA improperly shifted to him the burden of showing that he can (1) relocate safely to another part of India and (2) if he can relocate safely, it is reasonable to require him to do so, and (B) even assuming the agency did not improperly shift the burden, substantial evidence does not support the BIA's conclusion that he can safely or reasonably relocate. We disagree.

First, with respect to whether Singh can safely relocate, the immigration judge ("IJ") repeatedly stated that the Government bore the burden of proof, and the IJ's reasoning confirms that it applied the correct standards. Substantial evidence also supports both the IJ's and the BIA's conclusion that Singh can safely relocate. *See, e.g.*, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) ("[W]here the BIA rationally construes an ambiguous or somewhat contradictory country report and provides an 'individualized analysis of how changed conditions will affect the specific petitioner's situation,' substantial evidence will support the agency determination." (quoting *Borja v. INS*, 175 F.3d 732, 738 (9th Cir. 1999) (en banc))). Finally, the agency did not misapply precedent, because it is sufficient to define an area of relocation generally. *See, e.g.*, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004).

Second, with respect to whether Singh can reasonably relocate, the IJ did not

2

improperly shift the burden of proof.  Once the IJ determined that it was safe for Singh to relocate, he balanced the factors identified in 8 C.F.R. § 1208.13(b)(3) "in light of the applicable burden of proof." *See Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 36 (BIA 2012).  Because the factors set forth in 8 C.F.R. §1208.13(b) "may, or may not, be relevant" to every petitioner's situation, the IJ did not err in requiring Singh to introduce evidence that bears on the reasonableness of relocation.  *See Afriyie v. Holder*, 613 F.3d 924, 936 n.8 (9th Cir. 2010) ("[E]ven an applicant . . . who establishes or is presumed to have suffered past persecution should introduce evidence bearing on reasonableness with the expectation that the government will attempt to rebut the presumption that relocation is unreasonable.").  The requirement to present evidence bearing on reasonableness does not shift the burden, because the government must rebut any evidence presented to show relocation was unreasonable.

In this case, Singh testified that relocation was not safe, because the government could track him, and relocation was not reasonable, because his family lived in Punjab and he spoke only Punjabi and some English.  He presented no evidence that other social or cultural constraints (i.e., his Dalit class) made it unreasonable for him to relocate.  Further, the record does not establish that his Dalit class would pose an impediment to his relocation.  Singh only referenced his Dalit class to explain the difficulties he had with his former girlfriend's family,

3

who did not want their daughter to marry a person of a lower class. This testimony does not suggest that his Dalit class would make it unreasonable for him to relocate to another location.[1]

Substantial evidence also supports the BIA's decision that relocation is reasonable. The BIA considered whether Singh can participate in politics elsewhere in India when concluding that he can safely relocate, and Singh has provided no authority for the notion that the agency must also reference that analysis when deciding whether Singh could reasonably relocate—especially given that political participation was the cause for his past persecution. Substantial evidence also supports the BIA's conclusion that Singh's education (job skills), language skills, age, and health are all factors that support a reasonableness finding.

For these reasons, we DENY Singh's petition for review of his asylum and withholding of removal claims.

2. Singh additionally argues that the agency abused its discretion when it

---

[1] Although the government submitted evidence regarding discrimination against the Dalit class, Singh did not suggest he suffered from "impediments to the means of social advancement, such as education, jobs, access to justice, freedom of movement, and access to institutions and services." To the contrary, Singh never testified that his class precluded him from engaging in any of these activities. Instead, the evidence shows Singh was employed as a potter. He did not have any difficulty obtaining medical care after his incidents. He attended primary and secondary school, college, and computer education. The IJ found this evidence supported a conclusion that relocation was reasonable.

denied him humanitarian asylum under both 8 C.F.R. § 1208.13(b)(1)(iii)(A) and 8 C.F.R. § 1208.13(b)(1)(iii)(B). We agree that the agency abused its discretion when applying Section 1208.13(b)(1)(iii)(A). By relying on the country condition reports, the agency replicated its relocation analysis instead of focusing on whether Singh had "demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of [his] *past persecution*." *Id.* at § 1208.13(b)(1)(iii)(A) (emphasis added). But we disagree that the agency abused its discretion when it denied him humanitarian asylum under section 1208.13(b)(1)(iii)(B), because Singh failed to exhaust the argument that he would face "other serious harm" based on his association with the Dalit caste that would potentially warrant relief under that section.

For the foregoing reasons, we GRANT the petition for review of Singh's application for humanitarian asylum under section 1208.13(b)(1)(iii)(A), and REMAND for further proceedings on that claim, but DENY his petition for review of his application under section 1208.13(b)(1)(iii)(B).

3. Finally, Singh maintains that the agency's decision denying him protection under CAT is not supported by substantial evidence. We disagree. Singh's arguments that the agency's relocation analysis was flawed fails for the reasons previously discussed. And his argument that the agency failed to consider the relevant information is also not convincing. *See Cole v. Holder*, 659 F.3d 762,

5

771 (9th Cir. 2011) ("When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a 'general statement that the agency considered all the evidence before it' may be sufficient." (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006))).

We therefore DENY Singh's petition for review of his CAT application.

**GRANTED and REMANDED in part and DENIED in part.**

*Singh v. Sessions*, No. 15-73696
FRIEDLAND, J., DISSENTING:

The majority concludes that the BIA did not improperly shift the burden of proving that Singh could reasonably relocate onto Singh. I disagree.

Singh presented the Government with evidence that he belonged to the Dalit caste, and the Government submitted documents describing the plight of that caste, which suggested that Singh was likely to face economic and social discrimination that could impact his ability to reasonably relocate. At that point, I believe the Government had the burden to show that Singh's caste membership would not make it unreasonable for him to relocate within India. *See* 8 C.F.R. § 1208.13(b)(3) (noting that "social and cultural constraints, such as age, gender, health, and social and familial ties" might be relevant to the reasonable relocation analysis); *see also* 8 C.F.R. § 1208.16(b)(3). I also believe that the Government's singular line of questioning about Singh's previous employment, and its blanket assertion in closing that Singh "appears to come from maybe a middle to low income family," are insufficient to show by a preponderance of the evidence that Singh can reasonably relocate despite his caste membership.

Further, although Singh did not mention his caste status when asked by the IJ whether there were reasons other than his political beliefs that might prevent him from relocating, the IJ's question was misplaced, because the Government—and not Singh—bore the burden of proving an ability to relocate. Instead, the IJ should

have asked the Government why Singh could reasonably relocate despite his caste membership. Indeed, it makes sense that the immigration laws would impose this burden on the government, because the government has expertise in country conditions, and it is entirely possible that an oppressed individual from one region of a large country would not know what life for him would be like in another part of that country. Accordingly, I do not think that Singh's response to the IJ's question could have waived an argument that he did not bear the burden of making originally. *Cf. Afriyie v. Holder*, 613 F.3d 924, 935-36 (9th Cir. 2010) ("[T]he presence of evidence favorable to [the petitioner] is not what is determinative here; rather, [what matters for an] asylum claim is [whether there is an] absence of evidence refuting the regulatory presumption." (quoting *Navas v. INS*, 217 F.3d 646, 662-63 (9th Cir. 2000))).

For the foregoing reasons, I respectfully dissent.